CASE 44—PETITION EQUITY—SEPTEMBER 17.

# Burge's adm'r, &c., vs. Brown, &c.

APPEAL FROM WARREN CIRCUIT COURT.

1. *Death of execution defendant, after lery on his land, and before sale thereof,* passes the whole title to his heirs; and without a revivor against them, there is no title subject to sale by the levying officer.

2. Sale of land after the death of the owner, under an execution levy made in his lifetime, is void, and the sheriff's deed to the purchaser is also void. (*Holeman's ex'r vs. Holeman's heirs,* 2 *Bush,* 515; *Huston vs. Duncan,* 1 *Bush,* 207.)

3. The lien created by the levy of an execution on the land of the defendant in his lifetime is not discharged by his death before a sale thereof. Notwithstanding a void sale was made under the levy after his death, this lien may still be enforced in equity, as other demands having a priority against the decedent's estate.

4. Death of a party to an execution abates it as to such party, whether plaintiff or defendant. (*Civil Code, secs.* 432, 433, 434, 435.)

5.  A judgment may be revived against the personal representatives,
    heirs, and devisees, or either of them, of a deceased defendant, by
    an action prosecuted by ordinary proceedings, without verification
    of the petition. (*Civil Code, sec.* 437.)

    NOTE.— By amendment to section 437 of January 19, 1866, the
    judgment may be revived by rule, as therein prescribed.

BATES & WRIGHT,                              For Appellants,

                        CITED—

    1 *Bush*, 205 ; *Huston vs. Duncan.*

    2 *Bush*, 515 ; *Holeman's ex'r vs. Holeman's heirs, &c.*

HINES & RODMAN,                              For Appellees.

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

W. V. Loving, executor of Jas. Ford and James Low
& Co., severally having obtained judgments against Wm.
Brown, jr., in the year of 1863, had executions thereon,
which were levied by the sheriff of Warren county on
his house and lot, together with personal property.

After the levy, and before sale, the defendant Brown
died, when, subsequently, the plaintiffs in the executions
sued out a *venditioni exponas* on each, under which the
sheriff sold said house and lot, and the execution cred-
itors having purchased it, by their order the title was
directed to be made to Mrs. Brown.

Burge, as administrator and representative of the cred-
itors of the decedent, Brown, filed his petition, attacking
the validity of the sale, and seeking to set it aside, and
for a sale of the house and lot for the benefit of dece-
dent's creditors, to which the court sustained a demurrer,
and which is sought to be reversed.

By section 432, Civil Code, it is provided that the
death of one or all of the plaintiffs shall not prevent
an execution issuing on a judgment, but that the clerk
shall indorse the death of such of them as are dead, and

Burge's adm'r, &c., vs. Brown, &c.

if all are dead, the names of the personal representatives or the last survivor. And by sections 433 and 434, an affidavit must be filed with the clerk of the death of such plaintiff or plaintiffs, and the names of such personal representatives; and then the sheriff shall proceed as if the surviving plaintiff, or his personal representative or heirs, were the only plaintiffs in the execution.

By section 435, " the death of part only, of the defendants, shall not prevent execution being issued, which, however, shall operate alone on the survivors and their property."

By section 437, " a judgment may be revived against the personal representatives, heirs, and devisees, or either of them, of a deceased defendant, by an action prosecuted by ordinary proceedings, without verification of the petition." The subsequent amendment of January 19, 1866, has nothing to do with this litigation.

By sections 3 and 4, article 12, chapter 36, 1 Stanton's Revised Statutes, 482, " If one of several obligors or obligees, in any bond having the force and effect of a judgment, shall die before the same is satisfied, execution may issue on such bond in the name of the surviving obligee or obligees, against the obligors or the survivor; and if all the obligees in such bond shall die, their personal representatives may sue out execution thereon against the obligors, or their personal representatives, if they are all dead, and if not, then against the survivor and the personal representative of the deceased."

, But neither these provisions of the Code nor Revised Statutes, in express language, provide for the case of an execution having been levied, and before sale the defendant therein having died. But section 34, article 2, chapter 37, 1 Stanton's Revised Statutes, 509, regulating the distribution of the estates of insolvent decedents, pro-

vides, that when such an estate is covered by *bona fide* liens, giving a creditor priority on such property, the proceeds thereof shall first be applied to the discharge of such liens, and the residue shall be subject to a *pro rata* division among the other creditors. This section of the Revised Statutes, however, in connection with sections 435 and 437 of the Civil Code, leave but little room to doubt that in such a case there must be a revivor against the heirs of the deceased owner of the levied real estate, and so this court has heretofore decided in *Holeman's ex'r vs. Holeman's heirs* (2 *Bush,* 515), in which an execution had issued and was levied on the real estate of the defendant, who, however, died before the sale, and the plaintiff having sued out a *venditioni exponas,* caused a sale of the levied premises. After the death of the defendant the sale was held invalid, because " the power of the sheriff to enforce his levy by a sale ceased by the death " of the defendant, but that the defendant's death did not discharge the lien created by the levy, and that it might still be enforced in equity, as other demands against decedent's estate, it having a priority, and which was subsequently affirmed by this court in *Huston vs. Duncan,* though reported in 1 *Bush,* 207, with the simple additional reason that "the death of the owner of the land, after the levy and before a sale, passes the whole title to his heirs, and, without a revivor against them, there is no title subject to sale by the levying officer, who could not, if he sell, pass any title to the purchaser. Such a sale, therefore, must be void.

It is the duty of the administrator of insolvent decedents to take such legal measures as will marshal the legal and equitable assets, and have a legal distribution thereof among the creditors.

The execution creditors, by their levy in decedent's life-time, obtained a legal lien on the house and lot, which was not destroyed by his death, and, therefore, have priority on it, but nothing more. They could not sell it without a revivor against the decedent's heirs, and such sale did not convey the legal title, which is yet in them. It is not only the privilege, but the duty, however, of the administrator, to have this cloud cleared away, that the property may sell for its value, unencumbered by this sheriff's sale. Mrs. Brown, of course, as the surviving widow, will be entitled to dower right in the house and lot, which should be assigned her.

Wherefore, the judgment sustaining the demurrer is reversed, with directions for further proceedings as herein indicated.