CASE 14—EQUITY—FEBRUARY 11, 1882.

## Cox v. Story, &c.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. When the order of revivor was made, three of the infant appellees were over fourteen years of age. The service of process as to them was sufficient, and the action not having been commenced within twelve months after either of them would have arrived at twenty-

Cox v. Story, &c.

one years of age, they are concluded by the judgment rendered against them.

2. But the three other infants were under fourteen years of age, and the only service of summons was upon themselves. It was void, and they are, therefore, not concluded by the judgment, and may maintain an action to recover their interest in the land.

W. N. SWEENEY & SON FOR APPELLANT.

Those infants who were over fourteen when the order of revivor was executed upon them, are clearly barred by appellant's judgment in the former suit; and the same rule applies to those under fourteen, whom process was served upon, who failed to sue within twelve months after they arrived at age. Margaret Story is the only one who can by any possibility be entitled to recover. No title nor right of possession was shown by any of the appellees, and their petition ought to have been dismissed.

GEO. V. TRIPLETT FOR APPELLEES.

When this action was instituted Margaret Story was under twenty-two years of age. The judgment in the former suit, in behalf of appellant against the appellees who were under twenty-one years of age when the order of revivor was executed upon them, is void. The Code expressly provides for the manner of service in such cases. Dabney purchased the land with full notice of appellees' claim to it. (Beverly v. Perkins, 1 Duv., 251; Shields v. Bryant, 3 Bibb, 600; Ewing v. Armstrong, 4 J. J. Mar., 69; Bedell v. Lewis' heirs, *Ib.* 565; Coleman v. Coleman, 4 Dana, 405; Newland v. Gentry, 18 B. Mon., 671; 2 Story's Eq., 829; Willis v. Vallette, 4 Met., 186; Wallace v. Marshall, 9 B. Mon., 156; Halley v. Oldham, 5 *Ib.*, 237; Harrison v. Talbot, 2 Dana, 258; Gen. Stat., chap. 2, sec. 2; Civil Code, secs. 52, 391; Allen v. Troutman, 10 Bush, 62; Myers' Code, sec. 81.)

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

John A. Head, being the owner of a tract of about four hundred and fifty acres of land, conveyed the whole of it, except about ninety-five acres, to his children in fifty-acre lots. Not long before his death he gave to his daughter, Mrs. Story, mother of appellees, and attempted to convey twenty acres of the portion undisposed of, in addition to the fifty acres previously given; but by a mistake in the

deed, caused by his absence from and want of familiarity with the land, the twenty acres, instead of being located south of and adjoining her fifty-acre lot, where the land undisposed of was situated, was located inside the boundary of a lot previously conveyed to his daughter, Mrs. Triplett.

After his death, his executor caused commissioners to be appointed by the county court to lay off the twenty acres for Mrs. Story, where her father intended it to be; and though they returned to the court no report of what they had done, it is proved that they surveyed and marked the boundary of the lot, and that she and her husband were then put in possession of it by the executor.

After that the executor sold and conveyed to Dabney, the vendor of appellant, the residue of the original tract, described in the deed as seventy-five acres, more or less.

Though there is some contrariety of evidence upon the subject, we think it is satisfactorily shown that Dabney, before he purchased, was shown the marked boundary of the twenty-acre lot, and neither purchased or paid for any part of it. The seventy-five acres purchased by him is described in the deed as bounded in part by the line of Mrs. Story, and it is now contended that it was the line of the fifty acres, and not of the twenty acres that was meant; but we think that deed should be construed, as Dabney manifestly understood it at the time, to cover only the seventy-five acres, or, as it now appears, seventy-seven acres, he purchased, and that his boundary should be restricted and confined by the marked lines of the twenty acres, and not extended over so as to include that tract.

In the deed from Dabney to appellant the seventy-five acres is described, for the first time, as adjoining and being

bounded by the fifty-acre tract of Mrs. Story, and thus made to cover and include the twenty acres that lies between them; but as Story and wife were, at the date of that deed, in the actual and adverse possession, it did not operate to confer title upon appellant.

In 1858 appellant brought an action against Story and wife for the recovery of the twenty acres, and in 1865 a judgment was rendered in his favor; but pending that action, in 1860, she died, and an attempt was made to revive it against her children.

At the time the order of revivor was made in that action, Moses B., James, and Ann P. Story were each over fourteen years of age, and the service of a copy of the order of revivor upon them was sufficient; and as this action was not commenced by them within twelve months after either of them would have arrived at the age of twenty-one years, the children and heirs-at-law of Ann P., as well as C. L. Story, father and heir-at-law of Moses B. and James Story, are concluded by the judgment rendered against them in 1865; but as to the other three children of Mrs. Story, viz: Robert T., Mary, and Margaret Story, who were each under the age of fourteen years when the copy of the order of revivor was served upon them, that judgment is void.   Section 81, Myers' Code, in force at the time, required a copy of the order of revivor to be served upon each of them, *and* upon the father or guardian of each, or if neither father or guardian could be found, then upon the mother, or any other white person having care or control of them, or with whom they lived.

There was no service upon any of the persons mentioned in that section, except upon the infants themselves.   When that judgment was rendered neither of them were before

the court, and consequently neither of them is concluded by it.

Though Margaret is the only one of the three who commenced this action within twelve months after arriving at the age of twenty-one years, and consequently is the only one who has the right to show cause against the judgment, or to have it vacated or modified, as provided in sections 421 and 579, Myers' Code, still either one, or all of them, may maintain it for the recovery of the land, and if they have shown title to it, or any part of it, are entitled to recover, notwithstanding that judgment, it being no bar.

In 1861 the executor of John A. Head conveyed the twenty acres to the children of Mrs. Story by deed, executed, as is alleged and not denied, in pursuance of the power given by the will. Though that deed was executed during the pendency of the action of appellant against Story and wife, we do not consider the children of Mrs. Story as in any sense *pendente lite* purchasers, or that the judgment rendered in that action concludes either Robert T., Mary, or Margaret Story from now relying upon that deed, which, in our opinion, invested each of them with the title to an undivided sixth of the land; but they are not entitled to recover the whole of the twenty acres, and the court below erred in adjudging to them more than one half thereof, or one sixth to each of them.

Wherefore, the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.