CASE 56—PETITION EQUITY—September 4.

## Keller, &c., v. Wilson, &c.

APPEAL FROM M'CRACKEN COURT OF COMMON PLEAS.

1. Power of City to Purchase Property at Tax Sale.—The provision in a city charter conferring upon the city the power to purchase property gives the city the right to purchase for governmental purposes only; but a purchase by the city for its taxes is a purchase for a governmental purpose, whether the purchase be made at a sale under a levy by the collecting officer or under a decretal sale.

2. Judgment Against Infants.—The fact that infants were not represented by a guardian in an action against them for a sale of their real estate for taxes renders the judgment erroneous merely, and not void.

Keller, &c., v. Wilson, &c.

3. THE RIGHT OF AN INFANT TO SHOW CAUSE AGAINST A JUDGMENT in the court rendering it is limited to twelve months after his arrival at majority.

4. POWER OF CITY ATTORNEY.—A city attorney had no authority, by virtue of his office, to agree with tax-payers to rent out property which had been purchased by the city for taxes, and after the rent had satisfied the tax claim to restore the property to them, and, therefore, could not bind the city by such an agreement.

BULLITT AND REEVES FOR APPELLANTS.

1. The judgment under which the lot in controversy was sold was void. A judgment against infants for more than was asked in the prayer of the petition is void. (Allsmiller v. Freuchtenecht, 86 Ky., 198.)

2. Even if the judgment was not void the case should be opened up, and the infants allowed to make defense, and show that no taxes remained unpaid against their lot.

3. A city can not be empowered to buy and sell real estate except for municipal purposes. (Loan Asso. v. Topeka, 120 U. S., 658.)

Authority to a municipal corporation to buy and sell real estate should be strictly construed. (Sprague v. Coenen, 30 Wis., 289; Knox v. Peterson, 21 Wis., 247,)

The city of Paducah must be treated as a private corporation in so far as it is authorized to do a private business. (Brisco v. Commonwealth, 11 Peters (U. S.), 257.)

4. A thing within the intention of the makers of a statute is as clearly within it as if within the letter, and although within the letter is not within the statute unless within the intention of the makers. (1 Waterman on Corporations, 484.)

5. The children of Mrs. Elizabeth Keller are not barred by limitation, as their mother, to whom the lot was conveyed for life, still lives.

THOMAS E. MOSS FOR APPELLEE ISEMAN.

1. The appellants are barred by limitation. If a joint right of action accrue to several persons, some of whom are and some of whom are not under disability, limitation is not suspended as to any. (1 A. K. M., 39; 3 A. K. M., 462; 3 Mon., 146; 7 B. M., 236.)

2. Reversal of judgment under which sale is made does not affect the title of the purchaser. (Yocum v. Foreman, 14 Bush, 494; 13 Bush, 463.)

E. W. BAGBY FOR CITY OF PADUCAH, APPELLEE.

1. Mrs. Elizabeth Keller, owning the life estate in the corner lot, she was just as liable for the taxes on it as for the taxes on the adjoining lot in which she had the fee-simple title (Johnson, &c., v. Smith, 5 Bush, 102), and she and the other appellants, having moved the city to

elect on which lot it would proceed for all the taxes, they were bound
by the action of the city in that particular.

2. The alleged agreement with the city attorney as to the payment of
taxes out of the rents was not within the scope of his authority, and,
therefore, not binding on the city.   (2 Dillon on Mun. Corp., 969.)

3. The power granted to the city to buy and sell real estate is not in
violation of the Constitution.

4. The right to vacate or modify the judgment under which the property
was sold is not secured to the infant appellants by subdivision 5 of
section 518 of the Civil Code, because the condition of said infants
and the error in the proceedings both appear in the record.

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The appellant, Elizabeth Keller, was the owner in
fee-simple of a lot in the city of Paducah, and of
a life estate in an adjoining lot, with remainder to
her children, who are also appellants.   Both lots were
sold for her city taxes by the city collector prior to
June, 1878, and purchased by the city.   Its charter
provides that such a sale shall create a lien upon the
property sold for the taxes, which may be enforced
as any other lien debt by a suit in equity.   June
29, 1878, the city brought its action for this purpose,
Mrs. Keller and her children being made defendants.
All of them were properly summoned.   Two of the
children were then infants, but over fourteen years
of age.   The petition disclosed this fact.   Upon the
motion of the defendants the city was forced to elect
against which lot it would proceed, and it elected to
prosecute the action against the lot in which the chil-
dren were interested.   April 14, 1879, a judgment was
rendered without the infants being represented by
either a statutory guardian or one *ad litem*, fixing
the amount of the tax claim, declaring it to be a lien
on the lot, and ordering its sale.

It is urged that the lot in which the children were interested was thus made liable not only for the taxes owing thereon, but for the other taxes of Mrs. Keller, and for which, in part, the other lot had been sold. The judgment, however, determined that the lot now in contest was liable for the tax, and if not void, and now beyond question, the parties affected by it are without remedy.

The city became the purchaser at the sale, and in 1880 it was conveyed to it by the court through its commissioner. It is insisted that if the judgment of sale was merely erroneous, that yet the purchase by the city should be set aside upon the ground that it had no power under its charter to make it. The charter provides that it may purchase property within or without the city. This should be construed to mean for governmental purposes; but in purchasing it for its taxes it was executing such a purpose, and in our opinion no valid distinction can be drawn between a purchase by the city at a sale for taxes under a levy by its collecting officer and under a decretal sale for a like purpose.

In 1883 the city sold and conveyed the property to one Bettie Wilson. She failing to pay for it, the city sued for the purchase money, obtained a decree of sale, it was sold, and Mrs. Wilson again became the purchaser, executing sale bond for the price with the appellee, Iseman, as her surety. Failing to pay the sale bond, execution issued upon it, the lot was sold thereunder, and Iseman became the purchaser. It was conveyed to him by the sheriff in 1886, and he is now in possession of it.

This action was brought by Mrs. Keller and her children on October 19, 1886, to recover the property, or, if that can not be done, then its value. The pleadings do not require a consideration of a right to the latter relief. No basis is presented by them for it, and the only question is the right to have the judgment of sale in favor of the city, and the proceedings thereunder, annulled.

The old action by the city was redocketed in the fall of 1887, and a motion made by the appellants to set aside the judgment and annul all the proceedings under it upon the ground that it was void. The two actions were consolidated, and upon hearing the lower court refused the appellants any relief.

The judgment in favor of the city was not void. The fact that the infants were not represented by a guardian made it erroneous only. No appeal has ever been taken from it. It fixed the rights of the parties, and is binding until vacated or reversed. (Simmons, &c., v. McKay, &c., 5 Bush, 25.)

The youngest child of Mrs. Keller became of age in 1884. The right of an infant to show cause against a judgment in the court rendering it is limited by section 391 of our Civil Code to twelve months after his arrival at majority, and in this instance two years or more elapsed from the time when the youngest child became of age until this action was brought, and three years before the motion to vacate the judgment in the old suit was made.

It is urged that the attorney for the city for the collection of back taxes agreed with the appellants, after the purchase by the city, that he would rent

out the property until the rents paid the tax claim, and then they were to have the property, and that he did rent it, and received at least enough rents to pay the taxes properly chargeable to this particular lot. Even if this claim were supported by competent evidence, or by testimony of a satisfactory character, yet the attorney could not thus bind the city in the absence of authority from it to do so, and the judgment is affirmed.