# DECISIONS

OF THE

# Kentucky Court of Appeals.

JANUARY TERM, 1897.

CASE 1—PETITION EQUITY—MARCH 3.

## Oliver, &c. v. Park, &c.

APPEAL FROM ESTILL CIRCUIT COURT.

1. JUDGMENT—ACTION TO VACATE—INFANTS—REMEDY.—Under the provisions of our Code, to authorize a vacation or modification of a judgment by the Court rendering it, some facts must be alleged showing grounds for vacating or modifying same which do not appear in the proceedings in which the judgment sought to be vacated was rendered. If the error appears in the record, the remedy in such a case is by appeal in behalf of infant at any time during his minority or within twelve months after he becomes of age. A judgment rendered against an infant where no guardian was appointed to defend for him and protect him is not void, but is valid until reversed, and where no action is begun by the infant within twelve months after arriving at age, to vacate or modify same, he will be concluded by it.

2. NON-RESIDENTS—ENTERING OF APPEARANCE BY—PRESUMPTION.— Every act of a court of competent jurisdiction will be presumed to have been done rightly until the contrary appears, and after an interval of more than fourteen years the claim of a non-resident that his appearance was entered to an action without his knowledge or consent, will not be upheld, and the judgment vacated and the purchaser thereunder divested of his title, without the most conclusive evidence.

GRANT E. LILLY FOR APPELLANT.

1. Where infants are parties to an action every step required by law must be pursued, or the judgment will be void. In this case the infants were not represented by any guardian *ad litem*, and the non-residents were not represented by an attorney.

2. The sale was absolutely void because there was no advertisement of it. The commissioner advertised the land for sale on the twentieth day of November, 1886, but on that day it was not sold, and the same was postponed to a subsequent time and made under the old advertisement. Under such circumstances the sale is void. Clarke v. Bell, 4 Dana, 20; Williams v. Woodruff, 1 Duvall, 257; Campbell v. Johnson, 4 Dana, 185.

3. A commissioner or administrator can not become a purchaser at his own sale; especially should this rule be recognized and enforced in actions where infants are parties. Dawcus v. Crump, 6 B. Monroe, 366; Eli v. Rorine, 5 Dana, 404; Fauscett v. Fauscett, 1 Bush, 514; Mitchen v. Mitchen, 3 Dana, 265; Amos v. Heatherby, 7 Dana, 76; Price, Administrator v. Thompson, 84 Ky., 219.

4. The limitation of five years for fraud is after the discovery of the fraud, and the limitation of ten years does not apply to questions which amount to fraud because they are contrary to public policy, or to fraud between the parties. The record was not constructive notice to either the infants or non-residents, and they had a right to presume that the administrator would act in perfectly good faith with them. The appellant, Susan Oliver, is not barred by the ten years period of limitation, as her suit was begun in less than ten years from the time she became of age. Pond v. Donnaghy, 8 B. Monroe, 558; McMason v. Stratton, 82 Ky., 226; Section 2506, Kentucky Statutes.

RIDDELL & RIDDELL FOR APPELLEES.

1. The evidence shows conclusively that the sale was a perfectly fair and open one, and that the land brought as good a price as lands usually do at public sales, and that there was no fraud or collusion, and the court will not presume fraud against positive proof.

2. The judgment is not void because the record failed to show the appointment of a guardian *ad litem* for infants. It is a well settled rule that the presumption is that the court does all that is necessary to be done before the rendition of judgment. Black

on Judgments, section 270; 3 A. K. M., 253; 10 Am. & Eng. Enc., p. 686, note 3.

3. The appellant Susan Oliver and her brothers and sisters' husband, resided not exceeding three miles from the land from the date of sale until institution of this suit, and knew that Park was in possession, was cultivating and using the land, and made no objection, nor set up any claim, or objected to the sale until appellant, Susan, was thirty-seven years of age, a period of twenty-three years in all, and under the circumstances she should not be heard to complain. Clarke's Executor v. Fraits' Administrator, 1 Met. 40; General Statutes, title, Limitation, (71 P. 885, sec. 3); Summers v. McCay, 5 Bush, 25.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT:

In March, 1876, W. W. Park, administrator of Scrivner, filed suit in the Estill Circuit Court against the widow and children of his intestate, alleging that two of said children, Valentine and Hilda, were non-residents, and that B. Scrivner and Susan were infants under twenty-one years of age. No warning order was asked against the children alleged to be non-residents, and no attorney was appointed to defend for them. The petition also failed to allege that the infant defendants had or had not a statutory guardian, and no guardian *ad litem* was asked or appointed to defend for them.

The petition alleged that the personal estate of intestate was insufficient to pay the debts, and sought a judgment for a sale of enough real estate to pay said debts.

On the 5th day of April, 1876, the court entered an order referring the case to the master commissioner to report debts, and in this order it was recited that the non-residents entered their appearance. At the October term, 1876, the commissioner filed his report of debts, and a judgment was entered, directing a sale of one hundred acres of land be-

longing to decedent to pay same. The land was sold under this judgment and the sale confirmed at the April term, 1877, and the purchaser, John M. Park, put in possession.

On the 19th day of May, 1891, the children of said Scrivner filed their suit in the Estill Circuit Court, seeking to set aside and vacate the judgment under which said land was sold, on account of the failure to appoint a guardian *ad litem* for the infant children of decedent; and Valentine Scrivner also gave his deposition, and says that he had no knowledge of the pendency of the action.

Susan Scrivner, who has since said sale married Oliver, gives her deposition, and says she was the youngest of her father's children, and that she was born in 1862.

There is no allegation that she was under fourteen years of age at the date of the institution of the suit aforesaid, and, therefore, the presumption is that she was over fourteen years of age at that date. Various grounds, in addition to these, were relied on to set aside the judgment, the defendants being charged with fraud in procuring said judgment and in the conduct of the sale.

The defendants in their answer deny all the allegations, and plead and rely on the lapse of time and the statute of limitations, claiming that more than fourteen years have elapsed since the rendition of said judgment complained of..

Section 514 of the Civil Code provides that a judgment may be reversed or modified by the Court of Appeals for errors appearing in the record; and by a subsequent provision an infant has, within twelve months after arriving at age, the right to prosecute an appeal.

Section 518, Civil Code, says: "The court in which a

judgment has been rendered shall have power, after the expiration of the term, to vacate or modify it," etc.

Subsection 5. "For erroneous proceedings against a person under disability (except coverture), if the condition of such defendant do not appear in the record, nor the error in the proceedings;" it follows, therefore, that, under the provisions of the Code, to procure the vacation or modification of a judgment by the court rendering it some facts must be alleged, showing grounds for vacating or modifying same, which did not appear in the proceedings in which the judgment sought to be vacated was rendered. In cases where the errors appear in the record the remedy in such a case is by appeal in behalf of the infant at any time during minority, or within twelve months after arriving at age. (Ogden v. Stephens, 17 Ky. Law Rep., 1114.)

This court held, in the case of Cox v. Story, 80 Ky., 64, that the service of process upon an infant over fourteen years of age was sufficient; and, where action was not begun within twelve months after such infant arrived at age he was concluded by the judgment; but that the service upon an infant under fourteen years of age was void, and he was not concluded by the judgment, and might maintain an action to recover his interest in the land, the judgment being no bar.

Black on Judgments, section 197, says: "Though an infant may not have a guardian to defend for him and protect him, yet a decree against him is not, for that reason, void, but will stand as valid until reversed."

In the case of Keller v. Wilson, 90 Ky., 350, this court said: "The fact that infants were not represented by a

guardian in an action against them for sale of their real estate renders the judgment erroneous and not void; and by section 391, Civil Code, the infant is limited to twelve months after arriving at his majority to show cause against the judgment." The same doctrine is declared in Simmons v. McKay, 5 Bush, 25; Pond v. Donnelly, 18 B. M., 558; Smith v. Ferguson, 3 Met., 424; Richard's guardian v. Richards' adm'r, 10 Bush, 617.

We do not think in this case that the charges of fraud and covin have been made out against defendants in connection with the sale of the land; and, as it appeared from the face of the record that the judgment was entered against the infants without the appointment of a guardian *ad litem* to defend for them, their remedy was by appeal in twelve months after arriving at their majority, and, as the time in which this appeal could have been prosecuted had elapsed long before the institution of this suit, they are concluded by the statute of limitation relied upon.

The plaintiff, V. Scrivner, admits in his deposition that he had heard of the sale of the land through letters from the family, soon after it was made, and he has taken no testimony to contradict the record or to show that the entry of his appearance to the suit before judgment was not made with his consent, and the fact that the attorney who attended to the suit, and who presumably could have fully explained this order, is not called as a witness is against the claim of appellants.

The copy of the record itself is very fragmentary, many important parts of same not being included in the copy filed in the case.

"There is no principle of law better settled than that every act of a court of competent jurisdiction shall be presumed to have been done rightly until the contrary appears." (Black on Judgments, volume 1, page 270.)

We do not think that, after an interval of more than fourteen years of silence on the part of this plaintiff and without any allegation that his appearance was entered without his knowledge or consent, he can, without the most conclusive evidence being produced that his appearance was entered in the original suit without his knowledge or consent, have the judgment vacated and the purchaser under same divested of title.

Wherefore, the judgment is affirmed.