CASE 52.—ACTION BY J. GALLOWAY AND OTHERS AGAINST A. J. CRAIG AND OTHERS TO RECOVER LAND.— March 23.

## Galloway, &c. v. Craig, &c.

Appeal from Ohio Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

Judgment for defendants. Plaintiffs appeal. Affirmed.

1. Judgment—Revival—The revival in a cause, where judgment was rendered for plaintiff before death of defendant, will be considered that of the judgment, and not of the action, though the notice and order are in terms for revival of the action.

2. Same—Parties—Defendant's administrator is not a necessary party to proceedings to revive a judgment; it being merely for sale of land, and not granting any personal relief.

3. Same—Notice—Under Code, 1854, section 437, providing that, in revival of a judgment against infants, service of notice must be on them and their father or guardian, or, if neither the father nor guardian can be found, then on the mother, service of notice on them and their mother will be considered sufficient; their father being dead, and it not appearing that they had a guardian.

4. Same—Premature Proceedings—The revival of a judgment against the heirs of the original defendant prior to the time prescribed by statute is a mere irregularity, making a sale under judgment erroneous but not void.

5. Same—Failure of Guardian ad Litem to Answer—Any failure of a guardian ad litem to file an answer in proceedings to revive a judgment against infants is but an irregularity, not rendering void the sale under the judgment.

6. Same—Collateral Attack—The sale under a judgment not being void, the remedy of parties to the judgment is by appeal, and not by collateral attack.

7. Mortgages—Foreclosure—Venue—Under Civil Code Prac., section 62, providing that actions must be brought in the county in which the subject of the action is situated for sale of real property under a mortgage, excepting for debts of a decedent, section 65, providing that an action to settle the estate of decedent must be brought in the county in which his personal representative qualified, and section 66, providing that in an action for distribution of the estate of a decedent, or for its partition among his heirs, or for the sale and payment of his debts, an action to foreclose a mortgage on land of which one died seised may be brought in the county where the land is situated, when none of the other enumerated actions is pending.

8. Judicial Sales—Actions to Set Aside—Laches—Where action to recover land is brought against persons who for more than 20 years have been in the adverse and peaceable possession thereof, every presumption will be indulged in favor of the validity of the judgment under which defendants claim.

JOHN M. GALLOWAY for appellants.

(No brief in the record.)

GLENN & RINGO for appellees.

POINTS DISCUSSED AND AUTHORITIES CITED.

First—In a collateral attack on a judgment every doubt will be resolved in favor of the integrity of the judgment of a court of general jurisdiction. (Jones y. Edwards, 78 Ky., 6; Worthington v. Read, 75 S. W., 206 (Ky); Miller v. Foreman, 75 S. W., 213 (Ky.); Berry v. Foster, 58 S. W., 709 (Ky.); Newcomb's Exr. v. Newcomb, 13 B., 545; Paul v. Smith, 82 Ky., 451.)

Second—Even should the court decide the judgment in the case

of Shultz v. Simmons was void and conferred no title to the ten acres sold under that decree, it could afford no relief, for it does not appear from the pleadings where that ten acres is located.

Third—Service of revivor in the old Shultz case was sufficient. (Cheatham v. Whitmer, 86 Ky., 614; Code of 1854, section 563.)

Fourth—The fact that the guardian ad litem was not an attorney-at-law would not render the judgment void. Under the Code of 1854, he need not have been an attorney. (Code, 1854, sections 55 and 56.)

Fifth—Even if no guardian ad litem had been appointed, it was a mere error and did not render the judgment void. (Norfleet's Admr. v. Logan, 21, Ky. Law Rep., 1200; Oliver v. Park, 101 Ky. 1.)

Sixth—A judgment is valid against all who were before the court, although one of the heirs may not have been before the court. (Cox v. Story, 80 Ky., 64; Wooldridge v. Hendrix, 51 S. W., 162 (Ky.); Hulsweed v. Shardeman, 63 S. W., 1 (Ky.); 2 B. M., 455; Civil Code of Practice, section 627.)

Seventh—The Hill suit was properly brought in Ohio county, and the Ohio Circuit Court had jurisdiction to render the judgment. (Civil Code, 1876, sections 62 and 66.)

Eighth—In the Hill case the administrator of Simmons, deceased, entered his appearance by demurring to the petition and moving to dismiss the action. (Civil Code, section 92 (Ky., 297; 90 Ky., 346; 95 Ky., 277.)

OPINION OF THE COURT BY JOHN D. CARROLL, Commissioner—Affirming.

In 1874 one Shultz sold to R. H. Simmons a tract of land in Ohio county and gave bond for title. Failing to pay the purchase money, suit was instituted against him, and in 1875 judgment rendered, ordering a sale of a sufficient quantity of the land to pay the purchase money. This judgment was not executed or satisfied when the owner, Simmons, died in October, 1877, a resident of Butler county, Ky., leaving surviving him his widow and four children, aged 12, 10, 5, and 1 years. A few months after his death, a child afterwards named R. L. Simmons was born. In December, 1877, administration on his estate was

granted in the Butler county court.  In November, 1877, the death of Simmons was suggested in the Shultz case, and it was continued for revivor.  In April, 1877, a notice that Shultz would move to have the action revived on a day named in the May term was prepared by the attorney for Shultz.  This notice did not mention the administrator or the posthumous child, nor was it executed on either of them; but on May 2, 1878, was executed on the widow and four children "by delivering to each of them a copy of this notice, and an extra copy to the mother with whom they resided."  On May 17th, A. L. Morton, who was then circuit clerk, was appointed guardian ad litem for the four children and filed his answer. Afterwards 10 acres of land was sold to pay the debt, and in 1878 an order was made confirming the report of the sale.  In March, 1878, Mrs. Hill, who had a mortgage in this land, filed her action in the Ohio circuit court to have her lien enforced.  Process appears to have been executed in this action on the widow and four older children, a guardian ad litem was appointed for the children and answered, and the Butler county administrator appeared in the case and filed a special demurrer, which was overruled. In November, 1880, a judgment ordering a sale of the remainder of the land was entered, and under this judgment the remainder of the land was sold; and in 1881 the report of the sale was confirmed.  The record in these two actions has been lost, and the above somewhat imperfect data were obtained from order books and by a special commissioner appointed to supply as much as possible the lost record.  Appellee, Wallace M. Brown, by a series of conveyances, became the owner of the 150 acres of land sold under these

decrees, and the appellants, who are children of R.
H. Simmons, instituted this action in 1901 to recover
from him this land. The chancellor dismissed the
petition as to all except the posthumous child, R. L.
Simmons, adjudging that he was entitled to one-fifth
of the land as he was not a party to any proceedings
under which it was sold.

Appellants contend that the sale under the Shultz
judgment was void because the judgment was not
revived against the administrator, who was not at
any time a party to this action, because the revivor
was made too soon and proper notice of it was not
given to the infants, and because an attempt was
made to revive the action, and not the judgment,
and no guardian ad litem was regularly appointed
for the infants. They contend that the judgment
in the Hill case was void because the Ohio Circuit
Court had no jurisdiction of the subject-matter of
the action, and no guardian ad litem was appointed
to represent the infants, and therefore they were
not before the court when judgment was rendered.
Counsel for the appellees concede that the proceed-
ings in these cases were not entirely regular, but
insist that they are not void, however erroneous, and
cannot be attacked in this collateral proceeding.

We will first take up the objections urged against
the validity of the judgment in the Shultz case. It
is true that the judgment, and not the action, should
have been revived; but the presumption must be
indulged in, after the great length of time, that it
was in fact the judgment, and not the action, that
was revived. Indeed, it does not seem material
whether the notice of revivor or the order are des-
ignated as an attempt to revive the action, or the
judgment, because a judgment in the action had been

rendered during the life of Simmons, and it was
necessarily the judgment that was sought to be
revived. No attempt whatever of any kind was made
to revive the action. It would be extremely technical
to hold that merely because the notice and order
show that it was the action and not the judgment that
was sought to be, and was, revived, that therefore
all proceedings after the revivor were void. The
administrator was not a necessary party to the pro-
ceeding to revive this judgment. No personal relief
was sought, and upon the death of Simmnos the title
to this land descended to his heirs. Burge's Adm'r
v. Brown, 5 Bush, 535, 96 Am. Dec. 369. The land
alone was sought to be subjected and the heirs were
the only necessary parties to this proceeding,
although an action or judgment may be revived
against both the personal representatives and the
heirs, and in some cases it may be necessary that the
personal representative should be made a party.
The Code of 1854, controls the proceeding in the
Shultz case, and that Code provides in section 437
that a judgment may be revived against the personal
representative and heirs, either or both, by deliver-
ing a copy of the notice to the persons against whom
the judgment is sought to be revived; and section 81
provides that where the defendant is an infant
"under the age of fourteen years, the service must
be upon him and his father or guardian, or if neither
of these can be found, then upon his mother, or any
other white person having the care or control of
the infant, or with whom he lives." These infants
were under the age of fourteen years, their father
was dead, and it does not appear that they had a
guardian. Therefore it was proper to execute the
notice of revivor upon the infants and their mother

in the manner in which it was done in this case. Rodgers v. Rodgers' Adm'r, 31 S. W. 139, 17 Ky., Law Rep. 358; Cheatham v. Whitman, 86 Ky. 614 9 Ky. Law Rep., 761; 6 S. W., 595. That Code also provided that a judgment should not be revived against the heirs until twelve months after the death of the defendant. The judgment in this case was revived against the heirs before the expiration of twelve months after the death of Simmons, and in this respect the proceeding was irregular and premature; but this premature proceeding did not render the sale under the judgment void, but only erroneous. It was merely a clerical misprision (Webber v. Webber,. 1 Metc. 18; Morrison v. Beckham, 96 Ky. 72, 16 Ky. Law Rep. 294; 27 S. W. 868), as was the failure of the guardian ad litem to file an answer if there was such failure (Keller v. Wilson, 90 Ky. 350, 12 Ky. Law Rep. 471; 14 S. W. 332; Oliver v. Park, 101 Ky. 1, 19 Ky. Law Rep. 179; 39 S. W. 423). The sale under the judgment not being void, the remedy of these appellants was by appeal, and they cannot successfully attack it in this collateral proceeding.

The judgment in the Hill case is assailed chiefly on the ground that the Ohio Circuit Court had no jurisdiction of the action, because Simmons died in Butler county, Ky., and administration on his estate was granted in that county before the Hill action was instituted, and therefore it is insisted that the Butler Circuit Court alone had jurisdiction of the action, and that all the proceedings in the Ohio Circuit Court were void. This action was instituted in 1878, and hence the present Code of Practice controls it. Section 62 of the Civil Code of Practice provides that "actions must be brought in the county in which the subject of the action or some part thereof is

situated   *   *   *   for the sale of real property
*   *   *   under a mortgage lien or other encum-
brance or charge, except for debts of a decedent."
Section 65, as it read pending this action provided
that "an action to settle the estate of a deceased
person must be brought in the county in which his
personal representative was qualified;" and section
66 provided that " an action for the distribution of
the estate of a deceased person, or for its partition
among his heirs, or for the sale and payment of his
debts, or property descended from or devised by him
must be brought in the county in which his personal
representative was qualified." These sections of the
Code must be construed together, and when so con-
strued there is no conflict between them.

Under section 62 an action for the enforcement of
a mortgage lien or other encumbrance on land
against the estate of a decedent may be brought in
the county within which the land sought to be sub-
jected is situated, or, if there be an action pending
to settle the estate of a deceased person, in the
county in which his personal representative was
qualified, or, an action pending in such county for
the distribution of the estate of a decedent, or its
partition among his heirs, or for the sale and pay-
ment of his debts, the mortgagee or person holding
the lien may assert his claim in the action pending
in the county in which the personal representative
was qualified, and in such action may have the land
upon which he has a lien subjected to the payment
of his debt, although it may be situated in another.
In other words, there are two jurisdictions in which
a person having a lien on real estate owned by a
deceased person may seek its enforcement; that is,

in the county where the land is situated, or in the county in which the personal representative qualified and where there is an action pending to settle his estate or for its distribution or sale for the payment of his debts.    Under these provisions, if an action should be brought to settle the estate of a deceased person, or for its distribution or partition or sale for the payment of his debts, in the county where the personal representative qualified, before an action was instituted by the mortgagee in the county where the land was located, the court might enjoin any creditor of the decedent from instituting an action in any other county and require him to assert his claim in the action pending in the county where the personal representative qualified.    This construction is sustained by sections 428-436, Civil Code Practice, relating to the settlement of the estates of deceased persons, where it is provided in substance that in an action to settle the estate of deceased persons the representatives of the deceased and all persons having a lien upon or interest in the property left by the decedent, and the creditors of the decedent so far as known, must be parties to the action as plaintiffs or defendants and upon the institution of such an action, an order may be made enjoining the prosecution of actions against the representatives of decedent by creditors for their demands.    It is also supported by the decisions of this court in Shields v. Yellman, 100 Ky. 655, 18 Ky. Law Rep. 1092; 39 S. W. 30; Willis' Adm'r v. Roberts' Adm'r, 90 Ky. 122, 11 Ky. Law Rep. 929; 13 S. W. 358; Citizens' National Bank v. Boswell's Admr's, 93 Ky. 92, 12 Ky. Law Rep. 469, 19 S. W. 174; Dehaven v. Dehaven's Adm'r, 46 S. W. 215, 47 S. W. 597, 20 Ky. Law Rep. 663; 104 Ky. 41.

If, however, the action is brought for the distribution of the estate of a deceased person, or for its partition among the heirs or for a sale for the payment of his debts generally, it must be instituted in the county in which his personal representative was qualified, as provided in section 66. This section evidently contemplates an action instituted ·for the purpose of settling the estate of a deceased person and not the subjection of his real estate to the payment of a single debt such as is provided for in section 62. It therefore follows that·the Ohio Circuit Court had jurisdiction of the action to subject the land situated in Ohio county to the payment of the Hill mortgage.

It seems entirely proper to add in this connection that courts of equity do not look with much favor upon actions commenced so long a time after the cause of action originally accrued, and when it is sought in an action like this to recover land that has been in the adverse and peaceful possession of bona fide owners for more than 20 years, every presumption will be indulged in favor of the validity of the judgment under which the owners claim title Oliver v. Park, 101 Ky. 1, 19 Ky. Law Rep. 179, 39 S. W. 423; Northington v. Reed, 75 S. W. 206, 25 Ky. Law Rep. 354; Jones v. Edwards, 78 Ky. 6.

The judgment of the lower court is affirmed.

Petition by appellant for rehearing overruled.