CASE 15—PETITION EQUITY—OCTOBER 6.

# Morrison, &c., v. Beckham.

APPEAL FROM NELSON CIRCUIT COURT.

1. ACTION FOR NEW TRIAL NOT A BAR TO AN APPEAL.—Where a defendant against whom there had been a verdict and judgment instituted an independent action for a new trial, and a judgment granting him that relief was upon appeal reversed upon the ground that the court had no power in an independent action to grant a new trial upon the grounds alleged, that decision is not a bar to an appeal from the original judgment.

2. CONTINUANCE.—As no affidavit or grounds were filed in support of a motion by defendants for continuance until after the jury had been sworn and evidence heard in part, and the court then offered to sustain the motion of defendants to withdraw the jury and continue the case upon condition of payment by them of plaintiff's cost up to that time, which was refused, the court did not err in overruling the motion, the condition being reasonable.

3. FAILURE OF WARNING ORDER ATTORNEY TO REPORT.—A judgment against a defendant constructively summoned cannot be regarded as rendered prematurely merely because the warning order attorney failed to file a report.

4. IT IS A CLERICAL MISPRISION to render judgment against an infant until a defense or report has been filed by the guardian or guardian ad litem pursuant to the provisions of section 36 of the Civil Code, and, therefore, a judgment cannot be reversed upon that ground until there has first been a motion in the lower court to set it aside.

5. IT IS ERROR TO RENDER JUDGMENT AGAINST A DEFENDANT CONSTRUCTIVELY SUMMONED and who has not appeared unless a bond has been executed as required by section 410 of the Civil Code. And this is true as well where the judgment is for sale of real property as where it is for the sale of personal property.

LAFE S. PENCE AND KNOTT & EDELEN FOR APPELLANTS.

1. Where a petition for a new trial is granted by the lower court and that judgment reversed by the Court of Appeals, an appeal from the original judgment is not barred thereby. (Blackwell v. McBride, 14 Ky. Law Rep, 760.)

2. It was error to force a trial of the issue before filing of warning order attorney's report. (Civil Code, sec 57, subsec. 7; Herd v. Cist, 14 Ky, Law Rep., 644; 2 Duvall, 141; 3 Met, 187; Carr v. Carr, 13,

Morrison, &c., v. Beckham.

Ky. Law Rep , 756; Huffman v. Brungs, 83 Ky., 400; Gill v. John-
son's Adm'r, 1 Met., 649; Allen v. Brown, 4 Met., 342.)

3. The lower court erred in refusing a continuance asked by the appel-
lants upon the ground that the leading counsel was prevented by
sickness from attending the trial. The court should have granted
the motion to continue and discharged the jury without imposing
the condition that appellants should pay all costs up to that time.
(Honore v. Murray, 3 Dana, 31; Stewart v. Durrett, 3 Mon., 144;
Triplett v. Scott, 5 Bush, 81; Reinicke v. Morse, 10 Ky. Law Rep.,
767; Hitchcock v. McCall, 9 Bush, 66; C. & O. R. Co. v. Hickey, 15
Ky. Law Rep., 112; Allen v. Pollard's Adm'r, 15 Ky. Law Rep., 52.)

4. No answer having been filed by the guardian of infants, the court
should have appointed a guardian *ad litem* or continued the case
until the attorney, who was relied upon by all the defendants, could
be present.

5. It was error to render judgment against persons constructively sum-
moned before the execution of a bond in accordance with section 410
of the Civil Code.

JOHN D. WICKLIFFE FOR APPELLEE.

1. The decision of this court on an appeal from the judgment of a lower
court granting a new trial, is a bar to an appeal from the original
judgment. (Civil Code, sec. 57.)

2. In the absence from the record of a bill of exceptions, or any part of
the pleadings or evidence bearing upon the question in the case, the
judgment below must be affirmed. (Terrell v. Rowland, 86 Ky., 75;
Brockle v. Brockle, MS. Opinion, April 3, 1886.)

J. C. W. BECKHAM OF COUNSEL ON SAME SIDE.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Julia W. Beckham brought this action to recover a
tract of land in possession of T. J. Morrison and
others. But T. J. Sheets being, upon his petition,
made a defendant, filed separate answer, denying
plaintiff was, as alleged by her, owner and entitled
to recover, and stating he was in right of his deceased
wife, Lucinda, owner of a life estate, his co-defendants
being his tenants. He further stated that Josephine
Powell, a daughter, and Powell, Charles and Mary
Sheets, children of a deceased son of himself and

Lucinda, were owners of the fee in remainder, and by an order made at October term of the court, 1890, plaintiff was required to make them also parties defendants, which was by amended petition done.

At the February term, 1891, was a trial of the action which resulted in verdict and judgment for plaintiff. And motion for new trial having been overruled, defendants prayed an appeal to this court, which was granted, and time for preparing a bill of exceptions extended to October term of court. But instead of tendering a bill of exceptions and then prosecuting the appeal, they instituted an independent action to have the judgment set aside and a new trial of the original action granted. And upon trial of the second action at October term, 1891, judgment was rendered, giving the relief prayed for. But upon appeal to this court, that judgment was reversed, and as a result the first judgment was left in force.

The appeal now before us is from the original judgment, which, if reversed at all, must be done for errors apparent on the record, there being no bill of exceptions. The first ques'ion then to be determined is, whether the present is, as contended, barred by decision of this court on the former appeal. It seems to us not, because the question there presented and decided was not whether the lower court on trial of the original action at the February term, 1891, committed any reversible error, but the real and only question was whether the second action could, for the cause stated in the petition, be maintained under the Civil Code. That cause was refusal of the lower court to sustain motion of defendants for a continuance of the origi-

nal action upon the ground one of their attorneys was absent and on account of sickness unable to be present at the trial. And in the opinion then delivered, it was distinctly held that the lower court had no power for such cause at a subsequent term to set aside the judgment of February, 1891, and grant a new trial, but that the only remedy then left defendants was an appeal from that judgment direct to this court.

The record shows, in respect to the first error complained of, that, although a motion for continuance was made February 18, 1891, no affidavit was then filed or grounds stated; nor was it, in fact, filed until the next day after the jury had been sworn and evidence heard in part; and then the court did offer to sustain the motion of defendants to withdraw the jury and continue the case, upon condition of payment by them of plaintiff's costs up to that time, which was refused; so that as, in our opinion, the condition was reasonable, no error was committed in their overruling the motion. But other alleged errors are complained of, which we will consider.

It appears a warning order was made by the court at October term, 1890, against Josephine Powell, who is a non-resident of the State, and an attorney was duly appointed to defend for her. But counsel contends that as the attorney failed to file a report as required by the Civil Code, the judgment was premature. Section 60 provides that a defendant against whom a warning order is made, and for whom an attorney has been appointed, shall be deemed to have been constructively summoned on the thirtieth day thereafter, and the action may proceed accordingly;

and, construing that section, this court held, in Ball v. Poor, 81 Ky., 26, that a judgment can not be regarded as rendered prematurely because the attorney failed to perform his duty.    No defense was made prior to the judgment by a guardian of either Powell, Charles or Mary Sheets, who were infants, nor a report of a guardian filed stating he was unable to make defense as required by subsection 3, section 36, Civil Code.    But as section 516 provides that "a misprision of the clerk shall not be ground for an appeal until the same shall have been presented and acted on in the circuit court," which was not done in this case ; and section 517 in terms makes it a clerical misprision to render judgment against an infant until a defense or report is filed pursuant to provisions of section 36, it necessarily results that error can not be considered on this appeal.

Section 410 is as follows: "Before judgment is rendered against a defendant constructively summoned, and who has not appeared, a bond shall be executed with good security, approved by the court, to the effect that, if the defendant shall procure a vacation or modification of the judgment, the person in whose favor it is rendered shall restore to the defendant any property or money obtained under such judgment, restoration of which shall be adjudged.    If the judgment be in favor of persons having distinct interests, such bond may be executed for each according to his interest."

It has been distinctly and repeatedly decided by this court that a judgment against a non-resident who has not appeared, before the execution of the bond

required by that section, is erroneous. It is true that in each of the cases heretofore decided by this court, the judgment held erroneous was for recovery or sale of personal property. But the section makes no distinction between personal and real property, nor are we authorized to determine it was intended to apply alone to personal property. For subsection 11, section 732, expressly provides that the word "property," unless a different intention be expressed or shown by the context, includes any vested interest, legal or equitable, in real or personal property. Besides, we see no reason why a restoration of real as well of personal property, in cases provided for in that section, should not be secured to a non-resident constructively summoned and not appearing.

In our opinion, disregard by the lower court of the injunction of section 410 to require a bond executed for security and protection of Josephine Powell, was erroneous. And the judgment must, therefore, be reversed, and cause remanded for a new trial consistent with this opinion.