CASE 104.—ACTION BY WATSON STEPHENS AGAINST
AUSTIN STEPHENS IN WHICH JENNIE STEPH-
ENS BECAME A PARTY.—March 16. 1905.

## Stephens v. Stephens.

Appeal from Kenton Circuit Court.

From the judgment Jennie Stephens appeals.—Re-
versed.

1.   Married Women—Actions—Prosecution in Husband's Right—
     Judgments—Entry After Constructive Service—Refunding
     Bond.—Under Civil Code Practice, Sec. 34, sub-Sec. 4, provid-
     ing that a wife who is deserted by her husband may bring
     or defend for him any action which he might bring, or defend,
     with the same powers which he would have, a deserted wife
     who intervenes in a suit, claiming as a homestead, in her hus-
     band's right, land on which she is living with her children,
     may appeal from a judgment disallowing her claim.
2.   Under Civil Code Practice, Sec. 410, providing that before
     judgment against a defendant constructively summoned, and
     who has not appeared, a bond shall be executed, conditioned
     to restore any money or property obtained under such judg-
     ment, if it is vacated or modified on defendant's motion, it
     is error to render a judgment ordering a sale to satisfy liens
     on the household of a defendant constructively served, and
     not appearing, in the absence of proper refunding bond.

RARDIN & RARDIN and APPLEGATE & CLARK for appellant.

M. L. HARBESON for appellee.

OPINION OF THE COURT BY JUDGE BARKER—Revers-
ing.

Austin Stephens and his wife Jennie resided on a
small farm of fifty-three acres in Kenton county,
Kentucky, which was their homestead. In order to

obtain money with which to build the house, he mortgaged the homestead to George Williams for four hundred dollars. He also borrowed some sums of money from his father, Watson Stephens, aggregating eight hundred and one dollars and fifty-three cents, for which he executed and delivered his note on the 7th day of January 1896. The son failing to pay his note when due, the father instituted an action against him in the Kenton Circuit Court, and obtained judgment upon which he caused to be issued an execution that was levied on the homestead, and under it the property was sold and bought in by the judgment creditor; after the expiration of one year without redemption the sheriff conveyed it to the purchaser.

B. F. Finnell, the father of Jennie Stephens, also sued Austin in the Kenton Circuit Court, and obtained a judgment against him for six hundred and fifty dollars, with interest from February 9, 1899, until paid. Upon this judgment, he caused execution to be issued and levied on the homestead, and the sheriff was proceeding to sell when Watson Stephens instituted this action against him and the sheriff to enjoin the sale, claiming the property to be his, under his purchase at sheriff's sale. Prior to this, Watson Stephens had paid off the mortgage debt to Williams, the note and mortgage at the time of payment having been assigned to John W. Bryant.

Becoming convinced that he only obtained a lien, by the levy of his execution and the sale and purchase thereunder, on the encumbered land of his son, Watson Stephens amended his petition, making his son a party defendant, alleging that he had paid off the mortgage by mistake, believing the property to be his, and asking to be subrogated to the rights of the

mortgagee to the amount he had paid, and for an enforcement of his lien for his debt of eight hundred and one dollars and fifty-three cents, with interest and costs, and to be adjudged a first lien on the property. B. F. Finnell, by appropriate pleading, set up his debt and lien, and prayed for an enforcement thereof against his son-in-law.

In the meantime, Austin Stephens had deserted his wife, and left the State. He was proceeded against in the foregoing actions as a non-resident, and was before the court by constructive service only. Pending the litigation, B. F. Finnell died, and the action was revived in the name of his wife Maria Finnell, as administratrix of his estate. The appellant Jennie Stephens intervened in the case, alleging that the land in question was the homestead of her husband Austin; that they had resided on it since 1890; that he had deserted her and her two little children, and asked to be allowed to defend for her husband, and establish her homestead right as against the judgment debts hereinbefore described. Watson Stephens controverted all the material allegations of her intervening petition, and the issues being thus made up, the evidence was adduced. Watson Stephens was permitted, without objection, to testify against his non-resident son, and, for some reason, Jennie Stephens introduced no evidence whatever to substantiate her claim of homestead as against the debt of her father-in-law. Upon final submission, the chancellor adjudged that Watson Stephens had a first lien on the homestead for the amount paid to the holder of the mortgage, amounting with interest to four hundred and thirty dollars; that he had a second lien for his debt of eight hundred and one dollars and fifty-three cents with interest and costs;

that B. F. Finnell's administratrix had a third lien
for her debt of six hundred and fifty dollars, with
interest from February 9, 1899, until paid, and her
costs, and adjudged the property to be sold for their
enforcement.  A sale was had, and the property pur-
chased by Watson Stephens for the sum of one thou-
sand, six hundred dollars, being the amount of his
debt with interest and costs.  From this judgment
disallowing her claim of homestead, Jennie Stephens
has appealed.  Her right to do so is unquestionable.
Section 34, sub-section 4, of the Civil Code of Prac-
tice provides: "If a husband deserts his wife she
may bring or defend for him any action which he
might bring or defend, and shall have the powers
and rights with reference thereto which he would
have had but for such desertion."

The case of Baum v. Turner, 25 K. L. R. 600,
was in principle identical with the case at bar.  After
citing the foregoing sub-section of the Code, it was
said: "This authorized the wife to bring the action
for her husband who, it was alleged, had deserted her.
They were housekeepers when he left.  She remained
in the house after he deserted her, continuing to
keep house, and the question to be determined is, did
the property which was exempt before the husband
deserted her become subject to his debts thereafter?
The property was his; he might dispose of it as he
saw fit, and do as he pleased with the proceeds up to
the time of the levy of the attachment as far as
appears.  The petition does not show a severance of
the domestic relations.  However protracted the
abandonment may have been, the parties constituted
'a family' in law."

The appellant insists that the judgment against
her husband ordering a sale of his homestead was

erroneous, because, he being before the court only by constructive process, the creditors should have executed a refunding bond before the sale, as provided by section 410 of the Civil Code of Practice, which is as follows: "Before judgment is rendered against a defendant constructively summoned and who has not appeared, a bond shall be executed, with good surety approved by the court, to the effect that, if the defendant shall procure a vacation or modification of the judgment, the person in whose favor it was rendered shall restore to the defendant any property or money obtained under such judgment, restoration of which shall be adjudged. If the judgment be in favor of persons having distinct interests, such bond may be executed for each, according to his interest."

Austin Stephens was before the court by constructive notice only; it was, therefore, error to sell his homestead without the refunding bond required by law. Morrison v. Beckham, 96 Ky. 72; White v. Moyers, 17 Ky. Law Rep., 402; Tatum v. Gibbs, 19 Ky. Law Rep. 696. In White v. Moyers it was held that the non-resident, himself, did not have to appeal to make the error of not giving bond available; that, if it appeared on the appeal of a co-defendant, the court would reverse for the omission.

The position of the appellant is indeed pathetic in its isolation. Deserted by her husband, who left her with two infant children to support, she is sued on the one hand by her father-in-law, and on the other by her own mother and father, whose actions, if successful will result in turning her and her children out of their home. While the hardness of her lot does not warrant us in unduly straining the law to uphold an invalid claim in her favor, she is entitled to the

benefit of every principle which she can rightfully invoke for the protection of herself and little ones.

The judgment is reversed with directions that she be permitted to adduce such evidence as she can to uphold her right to homestead as against the liens sought to be enforced upon it, and to file exceptions to such incompetent evidence as may have been produced against her.