CASE 22.—SUIT BY GIP HUSBANDS AND OTHERS AGAINST MARY C. PALMER AND OTHERS FOR PARTITION OF LAND.—June 1, 1909.

## Palmer, &c. v. Husbands, &c.

Appeal from McCracken Circuit Court.

W. M. REED, Circuit Judge.

Judgment for plaintiffs, defendants appeal.—Affirmed.

1. Infants—Process—Service.—Where an infant's father was dead, and his mother, who was also his statutory guardian, had custody and control of him, he was properly made a party to a partition suit by service of process on the mother as such guardian, as provided by Civ. Code Prac. Sec. 52.

2. Depositions—Manner of Taking—Interrogatories—Notice— Statutes.—Civ. Code Prac. Sec. 574, only requires depositions to be taken on interrogatories when all the parties against whom the deposition is to be read have been constructively summoned and have not appeared, or are under disability other than coverture or infancy and coverture combined.

Palmer, &c. v. Husbands, &c.

3. Partition—Nature of Property—Indivisibility—Evidence.— Where, in a suit for partition, a witness testified that in his opinion the land could not be divided without materially impairing its value, that it was located in the Tennessee river and was an island during high water and a peninsula during low water, the court properly found that it could not be divided without materially impairing its value.

4. Infants—Actions—Appeal—Clerical Misprision.—Civ. Code Prac. Sec. 517, subsec. 2, provides that it shall be deemed a clerical misprision to render judgment against an infant until a defense or report is filed as required by section 36, subsec. 3, and section 516 declares that a misprision of the clerk shall not be ground for an appeal until it shall have been acted upon by the circuit court. Held, that a decree in partition could not be reversed on appeal because no defense was made by the guardian of an infant party or any report filed showing that, after careful examination, the guardian was unable to make a defense as provided by section 36, subsec. 3; it not appearing that such objection was urged in the circuit court.

5. Infants—Sale of Land Under Order of Court—Objections— Report of Sale—Exception.—An objection to a decree in partition that no defense was made by the guardian of an infant party, nor any report filed, showing that after examination of the case the guardian was unable to make a defense, could properly be raised in the circuit court, by an exception to the report of the sale.

6. Partition—Sale—Time.—The chancellor may set a commissioner's sale of property in partition for the first day of the next regular term of the circuit court.

7. Partition—Sale—Terms—Disclosure of Lease.—Where land sought to be partitioned was subject to a lease, the commissioner properly announced that the sale would be subject to the lease, though the decree made no reference thereto.

8. Appeal and Error—Disposition of Cause—Proceedings in Lower Court.—Where a partition decree was entered without a defense on the part of the guardian of an infant party or a report that the guardian was unable to make a defense, as required by Civ. Code Prac. Sec. 36, subsec. 3, such objection could be raised in a trial court after the decree and order confirming the sale had been affirmed on appeal.

J. D. MOCQUOT for appellants.                    ,

T. L. CRICE for appellees.                    . .

OPINION OF THE COURT BY WM. ROGERS CLAY, Commissioner—Affirming.

Appellees, Gip Husbands and R. L. Reeves, charging that they each owned an undivided one-third interest in the land described in the petition, that Mary G. Palmer owned an estate for life or during her widowhood in the other one-third, and that Elbridge Palmer, Jr., an infant under 14 years of age and son of Mary G. Palmer, owned the remainder interest in the other undivided one-third, instituted this action to have said land sold on the ground of its indivisibility. Proof was taken and the case submitted to the court, and judgment rendered directing that the land be sold. The land was sold and purchased by appellees for the sum of $800. Appellants filed exceptions to the report of sale, which were overruled by the court, and thereupon they prosecuted this appeal, both from the judgment of sale and the judgment overruling the exceptions to the report of sale. We shall first consider the questions raised in respect to the judgment of sale.

It is first insisted that the infant defendant was not properly before the court. It appears from the record that the infant's father was dead, and that Mary G. Palmer, his mother, was also his statutory guardian, and had custody and control of him. Process was served on Mary G. Palmer in her own right and also on her as statutory guardian of the infant. As the infant was made a party defendant and the process was served in the manner above indicated, there can be no doubt that he was properly before the court. Civ. Code Prac., sec. 52.

It is next insisted that the deposition of appellee Gip Husbands should have been taken on interrogatories instead of on notice to appellants Mary G. Pal-

mer and Elbridge Palmer, Jr. This point is not well taken for the reason that it is only when all of the parties against whom a deposition is to be read have been constructively summoned and have not appeared, or be defendants, and under disability, other than coverture or infancy and coverture combined, that depositions must be taken upon interrogatories. Civ. Code Prac., sec. 574.

Nor do we think there is any merit in appellant's contention that the proof was not sufficient to justify an order of sale on the ground of indivisibility. It is true that the witness only testified to the effect that in his opinion the land in question could not be divided without materially impairing its value; but he also testified to the number of acres in the tract of land and to the quantity that could be cultivated. His evidence also showed that the land was located in the Tennessee River, and was an island during high water and a peninsula during low water. Under such circumstances the trial court has a right to consider all the facts appearing in the record; and, when these are considered, we cannot say that he erred in adjudging that the land could not be divided without materially impairing its value.

It is next insisted that the judgment of sale is erroneous because no defense was made by the infant's guardian, nor was any report filed showing that after a careful examination of the case she was unable to make defense as provided by subsection 3, sec. 36, Civ. Code Prac. Section 517, subsec. 2, provides that it shall be deemed a clerical misprision to render judgment against an infant, excepting married women or persons of unsound mind, until a defense or report is filed pursuant to the provisions of section 36, subsec. 3. It is further provided by section 516 that a mis-

prision of the clerk shall not be ground for an appeal until the same shall have been presented and acted upon in the circuit court. It does not appear from the record in this case that the matter complained of was presented and acted upon in the circuit court. Until that has been done such misprision cannot be regarded as ground for appeal, and we are without power to act thereon. Morrison v. Beckham, 96 Ky. 72, 27 S. W. 868, 16 R. 294. However, if appellants had relied upon the error complained of as one of their exceptions to the report of sale, this would have been a proper presentation of the matter to the circuit court; but such error was not so assigned.

We shall next consider whether or not the court erred in overruling appellant's exceptions to the report of sale. The first ground relied upon is that the sale was made upon the first day of the regular term of the circuit court, instead of the county court. There is nothing in the code providing that the date of a commissioner's sale shall be confined to the first day of the regular term of a county court. The chancellor has the power to fix the date, and there is nothing improper in setting it for the first day of the next regular term of the circuit court; nor was it error to advertise and conduct the sale on that day. It further appears from the record that there was a lease upon the land in controversy which was to run for a period of about five years. The judgment made no reference to this lease. When the commissioner made the sale, he announced the terms of the lease, and stated that the sale would be made subject thereto. It is insisted that this action on his part materially varied the terms of the judgment and advertisement. In our opinion such action on the part of the commissioner was in nowise prejudicial. Manifestly,

if he had sold the property without announcing that it was sold subject to the lease, the purchaser would have had the right to have the sale set aside, because such information was not given at the time. In making the announcement, the commissioner simply gave information to which intending purchasers were entitled. In our opinion the court did not err in overruling appellants' exceptions to the report of sale.

If an error was committed by the trial court in rendering judgment before a defense was filed for the infant by his guardian, or before a report that she was unable to make such a defense was filed, appellants still have their remedy in the court below.

Judgment affirmed.