## Reynolds, By et al. v. Steel, et al.

## Same v. Same.

(Decided May 11, 1916.)

### Appeals from McCracken Circuit Court.

1.  Appeal and Error—Infants—Sale of Real Estate—Guardian Ad Litem—Failure to Appoint—Clerical Misprision—Review.—Where, in an action for the sale of an infant's real estate, the infant is served with process, rendition of a judgment of sale before defense is made by a guardian ad litem is a mere clerical misprision, and until presented and acted upon in the circuit court is not ground for an appeal.

2.  Appeal and Error—Clerical Misprision—Dismissal of Appeal.—An appeal based on a clerical misprision not presented and acted upon in the lower court is premature and will be dismissed.

3.  Infants—Sale of Real Estate—Guardian Ad Litem—Failure to Appoint—Effect.—A judgment ordering a sale of the real estate of an infant who has been served with process, without defense by a guardian ad litem, is not void but erroneous.

4.  Infants—Erroneous Judgment—Conclusiveness.—A judgment ordering a sale of an infant's real estate, even though erroneous, is conclusive between the parties until set aside or reversed.

EATON & BOYD for appellant.

D. G. PARK for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Dismissing first appeal and affirming on second appeal.

These two appeals grow out of the same transactions and will be considered together.

In the year 1896, A. T. Russell recovered a judgment against John B. Steel for the sum of $149.70, with interest and costs. Execution issued and was returned "no property found." In the same year Russell brought another action, in which he sought to subject to the payment of his debt certain real estate owned by Mrs. Steel, on the ground that it had been paid for and improved by John B. Steel. It clearly appeared that the property had been conveyed to Mrs. Steel by her father. Subsequently the particular real estate sought to be subjected was sold and Mrs. Steel purchased a farm situated in McCracken county and containing one hundred and forty-nine acres. To obtain a portion of the purchase money she and her husband mortgaged the tract of land to F. Harrison for the sum of $575.00. The interest on this mortgage was kept paid and the amount due in the year 1910 was $479.00. Mrs. Steel died in the year 1899. She was survived by two children, a son, C. E. Steel, who was born in the year 1891, and a daughter, Mary J. Steel, who was born in the year 1898. In the year 1912, Mary J. Steel married George E. Reynolds.

After the death of Blanch Steel, wife of John B. Steel, A. T. Russell, by amended and supplemental petition, sought to subject to the payment of his debt John B. Steel's curtesy estate in his wife's land. The infant children of Mrs. Steel were not parties to this proceeding. Finally, Russell had appraisers appointed, who set apart to John B. Steel a homestead consisting of sixty acres, and the court, in June, 1910, ordered John B. Steel's life interest in the remainder of the farm, consisting of eighty-nine acres, sold to satisfy Russell's judgment. The sale was made by the master commissioner and Russell became the purchaser.

On August 12th, 1910, A. T. Russell, Jr., the only child of A. T. Russell, and Mrs. A. T. Russell, widow of A. T. Russell, deceased, began another action against John B. Steel and the two infant children, and asked a sale of the eighty-nine acres on the ground that they and the defendants owned jointly a vested estate in possession and that the property could not be divided without materially impairing its value. In this petition, plaintiffs set out the note and mortgage executed by

John B. Steel and wife to F. Harrison, and asserted that by reason of the execution of the mortgage the mortgagee had a lien on the property. They also asked that Catherine Temple, who had become the owner and holder of the note and mortgage, be made a party to the litigation. Process on the petition was served on C. E. Steel, an infant over fourteen years of age, by delivering to him a true copy thereof, and on Mary J. Steel, who was under fourteen years of age, by delivering a true copy to her father, John B. Steel, who had charge of her. On September 28th, 1910, plaintiffs' attorney made an affidavit for the appointment of a guardian *ad litem,* and on the same day a guardian *ad litem* was appointed. On October 5th, he filed his report. On September 28th, Catherine Temple filed her answer and cross-petition. Process thereon was served on the infant defendant, Mary J. Steel, by delivering a copy thereof to her father. On December 3rd, 1910, the action on the cross-petition of Catherine Temple was revived in the name of W. F. Paxton, as executor of Catherine Temple. Proof was taken by deposition, showing that the land could not be divided without materially impairing its value. The court adjudged that A. T. Russell, Jr., and Mrs. A. T. Russell were the owners of an undivided one-third interest in the eighty-nine acres of land for and during the natural life of John B. Steel, and that the infant defendants, C. E. Steel and Mary J. Steel, were the owners of the fee simple title in remainder; that the land was jointly owned by plaintiffs and defendants and was subject to a mortgage lien in favor of W. F. Paxton, as executor of Catherine Temple. The court further adjudged that the eighty-nine acres could not be divided without materially impairing its value, and directed a sale thereof. Henry Harting became the purchaser for the sum of $2,000.00. Some time after the sale Harting transferred his bid to John B. Steel. On June 14th, 1911, John B. Steel qualified as guardian of his daughter, Mary J. Steel. On June 24th, 1911, the master commissioner executed a deed to John B. Steel. After discharging the mortgage debt and paying plaintiffs and the costs of the action, the balance of $943.75 was not collected, but was adjudged to remain a lien on the property until the infants reached twenty-one or their guardian executed proper bond. From the judgment of

sale in this action Mary J. Steel Reynolds, who is still an infant, prosecutes the first appeal mentioned in the caption.

On July 14th, 1914, Mary J. Steel Reynolds, suing by her husband as next friend, brought the second suit mentioned in the caption against her father and brother for a sale and division of the entire tract of one hundred and forty-nine acres. John B. Steel pleaded the proceedings and judgment rendered in the action of A. T. Russell, Jr., &c. v. John B. Steel, above set out, in bar of plaintiff's right to have any portion of the eighty-nine acres sold. On final hearing the court adjudged a sale of the sixty acres set apart as a homestead, but held that Mary J. Steel Reynolds had no interest in the remaining eighty-nine acres purchased by her father. From the judgment so rendered Mary J. Steel Reynolds prosecutes the second appeal mentioned in the caption.

1. In support of the invalidity of the judgment involved on the first appeal, the following argument is presented: The tract of land was acquired from Mrs. Steel after the Weissinger Act of 1894 went into effect. Upon her death John B. Steel became entitled to a life interest, not in the whole tract but in only one-third of that tract. When the homestead of sixty acres, which exceeded the value of his life interest in one-third of the one hundred and forty-nine acres, was set apart to him, this exhausted all the interest which he had in the land; and as the infant defendants were not parties to that proceeding, the judgment directing a sale of John B. Steel's interest in the remaining eighty-nine acres, in which, as a matter of fact, he had no interest, was void as to them, and A. T. Russell acquired nothing by his purchase. Since A. T. Russell acquired nothing by his purchase, his son and widow have no lien on, nor interest in, the land which would support an action for its sale on the ground of its indivisibility. That being true, it is insisted that the appointment of a guardian *ad litem* on the original petition, in an action which the plaintiffs therein could not maintain, did not dispense with the necessity for the appointment of a guardian *ad litem* on the cross-petition of the mortgagee, who alone had the right to ask a sale of the property. In answer to this contention it is sufficient to say that if the appointment of, and defense by, a guardian *ad litem* were necessary on the cross-petition of the mortgagee,

the rendition of the judgment against the infants without such appointment and defense was a mere clerical misprision, and until presented and acted upon in the circuit court is not ground for an appeal. Sections 516-517 and sub-section 3, section 36, Civil Code; Palmer v. Husbands, et al., 134 Ky. 152. It follows that the appeal is premature and should, therefore, be dismissed. Baldridge v. Baldridge, 117 S. W. 253; Hermann's Executor v. Martin, 107 Ky. 642, 55 S. W. 429.

However, appellant being an infant, may yet in the circuit court, upon due notice to all the parties to the action, raise the question above presented.

2. With respect to the second appeal mentioned in the caption, it is sufficient to say that Mary J. Steel Reynolds was served with process on the cross-petition, and even if defense should have been made by a guardian *ad litem* appointed on the cross-petition of the mortgagee, the fact that no such defense was made did not render the judgment void but only erroneous. Robinson v. Clarke, 17 R. 1041, 34 S. W. 1083; Norfleet's Admr. v. Logan, 21 R. 1200, 54 S. W. 713; Oliver, &c. v. Park, &c., 101 Ky. 1, 19 R. 179, 39 S. W. 423; Morrison, &c. v. Beckman, 96 Ky. 72, 16 R. 294, 27 S. W. 868. That being true, the judgment and subsequent proceedings, by which John B. Steel acquired title to the eighty-nine acres of land, cannot be ignored, but constitute a bar to appellant's right to have the eighty-nine acres sold until set aside or reversed. Since the judgment below accords with these views, it follows that the judgment should be affirmed, without prejudice, however, to a future action by appellant in the event the judgment pleaded in bar should be set aside or reversed.

The first appeal mentioned in the caption is dismissed. On the second appeal the judgment is affirmed.