### Shaw, et al. v. Shaw's Administrator.

(Decided March 6, 1917.)

### Appeal from Meade Circuit Court.

1. Infants—Action to Sell Land of—Appeal.—In an action to sell land, guardians ad litem were appointed to represent the infant defendants, and a judgment entered adjudging the advancements

chargeable to each of the parties under the will; that the land
could not be divided without materially impairing its value; and
directing a sale thereof and division of the proceeds according
to the interests of the parties therein as fixed by the judgment.
The land was sold, and the master's report of sale confirmed.
The grandmother of the infants died pending the action, and the
purchaser filed an assignment by her to him of her interest in the
sale bonds, and asked credit on the bonds for that amount, to
which the guardians ad litem filed exceptions, controverting the
validity of the assignment and claiming the grandmother's interest
in the bonds for the infants, as her heirs, and, issue being joined
thereon, upon a trial by jury the question was decided adversely
to the infants. Held, that the order of sale and the order con-
firming the report of sale being final and appealable and no ap-
peal having been prosecuted therefrom, their validity cannot be
passed upon on this appeal.

2.   Infants—Guardian ad Litem.—The powers of the guardians ad
     litem being strictly limited to the matters involved in the litiga-
     tion in which they were appointed, viz., the action to sell the
     land of the infants' testator, their appointment in that action
     gave them no right or power to represent or bind the infants in
     the distribution of their grandmother's estate.

3.   Infants—Guardian ad Litem—Appeal.—A guardian ad litem may
     appeal to the Court of Appeals in the name and for an infant
     defendant from a judgment rendered against the infant, at any
     time within two years from the time the right to appeal first
     accrued, but not thereafter.

4.   Infants—Appeal by to Court of Appeals.—An infant may appeal
     to the Court of Appeals from a judgment rendered against him
     in an action in which he was a defendant, at any time between
     the rendition of the judgment and one year after attaining his
     majority.

5.   Infants—Appeal by to Court of Appeals—Practice.—Before appeal-
     ing to this court from a void judgment rendered against him an
     infant must move the lower court to set it aside.

C. W. COOK, J. H. TRENT, JR., and W. D. ASHCRAFT for
appellants.

J. D. HARDIN, HARDIN & ELLWORTH and J. M. RICHARD-
SON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Josiah Shaw died, December 30th, 1913, a resident
of Crawford county, Indiana, possessed of personal
property amounting to a little more than $17,000.00, of
real estate, located in Crawford county, Indiana, worth
about $2,000.00, and of a large tract of land, containing
about 1,200 acres, in Meade county, Kentucky, which

he had acquired in four separate, adjoining tracts. He left a will, naming his widow, Carrie N. Shaw, his daughter, Minnie M. Grimes, and two infant children of his deceased son, Lyman P. Shaw, as devisees of his estate, the widow to take one-third, the daughter, another, and the children of his deceased son, the remaining third, subject, however, to charges for advancements made by him to the daughter and the deceased son. The will named Simon E. Grimes, husband of the daughter, as executor, who, after the will had been admitted to probate, in Crawford county, Indiana, qualified in that county, and afterwards in Meade county, Kentucky, as executor of the estate. The decedent, his executor and all of the devisees, were residents of Crawford county, Indiana.

On the ninth day of July, 1914, Simon E. Grimes, as executor, and in his own right, Minnie M. Grimes, the daughter, and Carrie N. Shaw, the widow, filed this action, in the Meade circuit court, against Ava Loraine Shaw and Lyman P. Shaw, Jr., infants, to sell the Meade county land and divide the proceeds, after equalizing advancements, among the devisees of Josiah Shaw, alleging that the land could not be divided without materially impairing its value. The infant defendants were first constructively summoned by warning order, but were afterwards brought to Meade county by their mother, and regularly served with process, in that county, and, guardians *ad litem* having been appointed, filed answers, which, however, do not controvert any of the allegations of the petition. The case was referred to the master commissioner to hear proof, and report claims against the estate of Josiah Shaw and the amounts of the advancements chargeable, under the will, to the plaintiff, Minnie M. Grimes, and the infant defendants. After hearing proof, the master commissioner filed his report. Depositions were taken on interrogatories, and cross-interrogatories filed by the guardians *ad litem* for the infant defendants, and exceptions were filed, by the guardians *ad litem*, to the master's report upon the amount chargeable to the infants, and to the allowance of a board bill filed by Simon E. Grimes and Minnie M. Grimes against the estate of Josiah Shaw. The board bill having been withdrawn, the guardians *ad litem* withdrew the exceptions they had filed to the report of the amount of advancements chargeable to the

infants. Upon submission, the court entered a judgment confirming the master's report, and adjudging the amounts of the advancements chargeable against the devisees under the will; the interest of each devisee in the Meade county land; that the land could not be divided without materially impairing its value; and that the land should be sold as a whole, and the proceeds divided among the devisees, according to their interests therein as fixed by the judgment.

This judgment is, manifestly, a final order, and appealable; but no appeal has ever been prosecuted from that judgment, which was entered on the 5th day of October, 1914, and it is not now before us.

Pursuant to that judgment, the land was sold by the master commissioner, and at the sale, Simon E. Grimes, executor of the estate of Josiah Shaw, became the purchaser, at the price of $71,000.00; and the master's report of sale was confirmed without exceptions, and no appeal has been prosecuted from that judgment. Thereafter, the plaintiff, Simon E. Grimes, and Minnie M. Grimes, his wife, filed an assignment from Carrie N. Shaw to them, of her interest in the purchase bonds, and asked credit upon the sale bonds of Simon E. Grimes, the purchaser, for the amount due thereon to Carrie N. Shaw, who had died, also a resident of Crawford county, Indiana, after the execution of the assignment. The guardians *ad litem* for the infant defendants filed exceptions to the assignment of Carrie N. Shaw, of her interest in the purchase bonds, asserting that it was void, upon the ground that Carrie N. Shaw, who was about eighty years of age when she executed the assignment, a few days before her death, without valuable consideration, and as a gift, did not have sufficient mind to execute the assignment, and further, that the assignment was procured by fraud and undue influence. Issue was joined upon the question of the validity of the assignment, between the guardians *ad litem* and Simon E. and Minnie M. Grimes, and this issue transferred to the ordinary docket, and a trial had thereon, by a jury, which resulted in a verdict sustaining the validity of the assignment. From the judgment of the court upon that verdict this appeal is prosecuted by the guardians *ad litem,* and only that judgment is before us upon this appeal.

In the exceptions filed by the guardians *ad litem* of both of the infant defendants, it is alleged, that Carrie N. Shaw died intestate, and that, as her heirs at law, the infants inherited one-half of her entire estate, including her interest in the proceeds of the Meade county land; and, upon the evident theory that they did inherit and own, as heirs of Carrie N. Shaw, an interest in her property, and that the guardians *ad litem* could litigate the question in this action, the trial court permitted the issue as to the validity of the assignment to proceed to a final trial, although the assignee of Mrs. Shaw contested the right of the guardians *ad litem* for the infants to make the question, upon the ground that Mrs. Shaw did not die intestate, but left a will devising her whole estate, with immaterial exceptions, to her daughter, Minnie M. Grimes, and that, even if her will should not be established in the Indiana courts, where its validity was being contested, her personal representative, and not her heirs, was the proper, and only party who had the right, to contest the validity of the assignment.

Counsel for appellants attempt, upon this appeal, to attack the judgment entered in this action, on October 5th, 1914, and the judgment confirming the sale; but, as heretofore explained, those judgments are not here and cannot now be considered by us. As appellants are infants, they may yet prosecute an appeal from those judgments, if they so desire; but the right of the guardians *ad litem* to do so has expired, as the judgments were entered more than two years ago. See section 745 of the Civil Code of Practice; Reynolds v. Steele, 170 Ky. 153; and Park v. Barnes, 173 Ky. 589. If, however, those judgments are void, as is now urged upon us, before taking the appeal, the infants must, of course, make a motion in the lower court to have them set aside, as is provided in section 763 of the Civil Code of Practice.

We come now to a consideration of the question, whether or not the guardians *ad litem* had the right, on behalf of the infant defendants, to question the validity of the assignment of Mrs. Carrie N. Shaw of her interest in the sale bonds for the Meade county land. This action was filed to determine the interests of the devisees of Josiah Shaw, under his will, in a tract of land in Meade county and, upon the ground that it was indivisible, to sell same and distribute the proceeds thereof

among the devisees, according to their interests therein as finally determined in this action. The guardians *ad litem* were appointed to represent the infant defendants in that litigation, and, in so far as their interests were involved, had the power, and it was their duty, to represent and bind the infants, subject, however, to the right of appeal from any judgment of the lower court, upon such matters as were involved in the action, by the guardians *ad litem,* for a term of two years after the rendition of a final judgment, and thereafter, by the infants, until one year after they attained their majority; but the power of the guardians *ad litem* to represent and bind the infants was necessarily limited to the matters involved in the litigation in which they were appointed, and they had no right whatever to represent the infants, except in that litigation. Their powers were strictly limited to the matters therein involved, and their acts with respect to the infants' rights concerning any other matters were unauthorized. 22 Cyc. 661 and 669; Waterman v. Lawrence, 19 Cal. 210; Hubbard v. Chicago & Northwestern Ry. Co., 104 Wis. 160.

The matters involved in the action with reference to which they were authorized to act under their appointment were, the interests of the infants in the Meade county land, as devisees of Josiah Shaw. When the court determined and adjudged those interests, and directed a sale of the land and a distribution of the proceeds according to the interests as fixed in the judgment, the matters therein involved were finally determined, and the duties of the guardians *ad litem* terminated, subject to their rights to appeal on behalf of the infants from those judgments, within the time allowed to them by law. Their appointment as guardians *ad litem* to represent the infants, as devisees of Josiah Shaw, in an action to determine their rights, under his will, to his lands, gave them no right or power to represent the infants, as heirs or devisees of Carrie N. Shaw, in the distribution or preservation of her estate. Unless the judgment of the lower court, fixing the interests of Carrie N. Shaw in the Meade county land and adjudging to her a definite amount of the proceeds of such sale, is set aside or modified, that judgment vested in Carrie N. Shaw the title to so much of the purchase money as was adjudged to her, which was personal property, and not real estate; and that judgment, so long as it stands undis-

turbed, excludes every interest of the infants in the fund adjudged to Carrie N. Shaw, so far as this litigation is concerned. In attempting to set up a right in the infants to an interest in the property of Carrie N. Shaw, as her heirs, the guardians *ad litem* were attempting to litigate on behalf of the infants, rights that were not involved in this litigation, and concerning which the guardians *ad litem* were not appointed to represent the infants. Whatever, if any, rights these infants may have in the estate of Carrie N. Shaw were in nowise involved in this case, and the guardians *ad litem* did not have the power to bring such a matter into this action, so as to give them the right, upon behalf of the infants, to litigate the matter. It is certainly obvious that, under our laws, they could not have instituted an action on behalf of the infants, to determine their interests in the estate of Carrie N. Shaw, nor could they, with any better right, bring such matters into this litigation, so as to give them the power to represent the infants in reference thereto. The infants were not in court, upon that matter, and are not bound, in any way, by such action by the guardians *ad litem*, or by the judgment of the court resulting therefrom. Since the guardians *ad litem* did not have the right, or the power, to question, on behalf of the infants, the validity of an assignment by Mrs. Carrie N. Shaw, of property adjudged to her by a final order of the court, it results, of course, that they cannot prosecute this appeal, in their behalf, from the judgment of the lower court upon that question.

Wherefore, the appeal is dismissed.